## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATERER'S IN THE PARK LLC t/a NANINA'S IN THE PARK on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL INSURANCE, and OHIO SECURITY INSURANCE COMPANY<br><br>        Defendants. | Civil Action No. 2:20-cv-06867-MCA-LDW<br><br><br><br>**ANSWER TO COMPLAINT** |

Defendant Ohio Security Insurance Company ("Ohio Security" or "Defendant") for itself alone and for no other defendant,[1] hereby answers the Complaint of Plaintiff Caterer's in the Park LLC t/a Nanina's in the Park ("Plaintiff") as follows:

## **INTRODUCTION**

1.     Defendant admits solely that the website referred to in the footnote at Paragraph 1 of the Complaint contains the language quoted, that COVID-19 has been characterized as a pandemic, and that the World Health Organization has made statements regarding COVID-19, which speak for themselves.  Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.     Defendant admits that the Centers for Disease Control and Prevention, members of the national Coronavirus Task Force, and numerous other organizations

---

[1] On September 24, 2020, Liberty Mutual Insurance was dismissed from this action. [Dkt. 54].

have purported to issue statements for guidance on COVID-19. Those statements speak for themselves. As to the website, Defendant admits solely that the website referred to in the footnote at Paragraph 2 of the Complaint includes a pdf that contains the language "30 Days to Slow the Spread." The content of the website speaks for itself. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits that governmental entities issued "Stay-at-Home," "Shelter-in-Place," and/or other orders related to COVID-19, which speak for themselves. Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 3 of the Complaint and, on that basis, denies the allegations.

4.      Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 4 of the Complaint and, on that basis, denies the allegations.

5.      Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 5 of the Complaint and, on that basis, denies the allegations.

6.      Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 6 of the Complaint and, on that basis, denies the allegations.

7.      Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 7 of the Complaint and, on that basis, denies the allegations.

8.      Defendant specifically denies Plaintiff's generalizations and mischaracterizations of commercial property insurance policies. Defendant respectfully refers the Court to the Policy at issue for the terms, conditions,

limitations and exclusions under which the insurance coverage was provided. Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 8 of the Complaint and, on that basis, denies the remaining allegations.

9. Defendant admits solely that Plaintiff purports to seek a declaratory judgment as alleged in its Complaint. Defendant denies the substance of Plaintiff's allegations or that declaratory judgment is proper. Defendant specifically denies Plaintiff's allegation that that "Defendants, and most insurance companies who have issued all-risk commercial property insurance policies with business interruption coverage, are denying the obligation to pay for business income losses and other covered expenses incurred by policy holders for the physical loss and damage to the insured property from measures put in place by the civil authorities to stop the spread of COVID-19 among the population" as to Defendant. Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 9 of the Complaint and, on that basis, denies the remaining allegations.

10. Defendant admits solely that Plaintiff purports to bring this action for an alleged breach of contract, but Defendant denies the substance of these allegations or that Defendant breached any contractual obligation.

11. Defendant admits solely that Plaintiff purports to bring this action on behalf of a proposed class of policyholders, but Defendant denies that certification of any class is appropriate under applicable law. Defendant respectfully refers the Court to the Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided. Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 11 of the Complaint and, on that basis, denies the remaining allegations.

3

## JURISDICTION AND VENUE

12.     Upon information and belief, Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of the Complaint.

## PARTIES

14.     Upon information and belief, Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Upon information and belief, Defendant admits that Plaintiff has ceased operations, but is without information sufficient to respond to the allegations contained in Paragraph 15 that operations were ceased solely "as a result of the Closure Orders referenced below" and, on that basis, denies the allegations.

16.     No response to Paragraph 16 is required because Liberty Mutual Insurance has been dismissed from this action.  [Dkt 54].  To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that Ohio Security Insurance Company is a New Hampshire corporation with its principal place of business located at 175 Berkeley Street, Boston, MA, 02116 and that it is qualified and licensed to issues insurance in the state of New Jersey and other states.  Defendant further admits that Ohio Security Insurance Company is wholly owned by Liberty Mutual Group Inc.

18.     Defendant admits that it issued to Plaintiff Policy No. BKS (20) 57 90 82 08 for the Policy period of April 8, 2019 to April 8, 2020.

## FACTUAL BACKGROUND

**A.     The Global COVID-19 Pandemic**

19.     Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 19 of the Complaint and, on that basis, denies the allegations.

20.     Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 20 of the Complaint and, on that basis, denies the allegations.

21.     Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 21 of the Complaint and, on that basis, denies the allegations.

22.     Defendant admits that COVID-19 is a virus, that the information contained on the WHO website cited in Paragraph 22 of the Complaint speaks for itself, and that the WHO has made statements regarding COVID-19, which speak for themselves.   Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 22 of the Complaint and, on that basis, denies the allegations.

23.     Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 23 of the Complaint and, on that basis, denies the allegations.

24.     Upon information and belief, Defendant admits that it has been reported that COVID-19 is contagious and can be transmitted through a number of means. Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 24 of the Complaint and, on that basis, denies the remaining allegations.

25.     Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 25 of the Complaint and, on that basis, denies the allegations.

26.     Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 26 of the Complaint and, on that basis, denies the allegations.

27.     Defendant admits that the WHO has studied and made statements about COVID-19, which speak for themselves.   Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 27 of the Complaint and, on that basis, denies the remaining allegations.

28.     Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 28 of the Complaint and, on that basis, denies the allegations.

29.     Defendant admits that the website referred to in the footnote at Paragraph 29 of the Complaint contains the language quoted, and that the CDC has released reports on COVID-19, which speak for themselves.   Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 29 of the Complaint and, on that basis, denies the remaining allegations.

30.     Upon information and belief, Defendant admits that there is no vaccine to protect against COVID-19, and that measures put in place to control the outbreak include reducing human to human exposure.   Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 30 of the Complaint and, on that basis, denies the remaining allegations.

31.     Defendant admits that governmental entities issued "Stay-at-Home," "Shelter-in-Place," and/or other orders related to COVID-19, which speak for themselves.  Defendant admits that, upon information and belief, certain businesses closed and certain events canceled in the wake of the COVID-19 outbreak for a variety of reasons, including voluntarily measures to reduce or slow the spread of

the virus.  Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 31 of the Complaint and, on that basis, denies the allegations.

32.     Defendant admits that governmental entities issued "Stay-at-Home," "Shelter-in-Place," and/or other orders related to COVID-19, which speak for themselves.  Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 32 of the Complaint and, on that basis, denies the allegations.

**B.**     **Defendant's Standard Uniform All-Risk Commercial Property Insurance Policies**

33.     Defendant admits that it issued to Plaintiff Policy No. BKS (20) 57 90 82 08 for the Policy period of April 8, 2019 to April 8, 2020.  Defendant respectfully refers the Court to the Policy at issue for the terms, conditions, limitations and exclusions under which the insurance coverage was provided.  Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits that it issued to Plaintiff Policy No. BKS (20) 57 90 82 08 for the Policy period of April 8, 2019 to April 8, 2020.  Defendant respectfully refers the Court to the Policy at issue for the terms, conditions, limitations and exclusions under which the insurance coverage was provided.  Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint.

**C.**     **Plaintiff's Factual Allegations**

35.     Defendant admits that Policy No. BKS (20) 57 90 82 08 contains coverage for business income pursuant to the Policy's terms, conditions, limitations and exclusions.  Defendant respectfully refers the Court to the Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided.  Defendant denies any inference that any provision of the Policy can be

fairly read in isolation, and denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.    Defendant admits solely that Policy No. BKS (20) 57 90 82 08 contains form CP 00 30 10 12, and some of the language selectively quoted in Paragraph 36 of the Complaint, but the language is misquoted and inaccurate.  Further, Defendant denies any inference that any provision of the Policy can be fairly read in isolation. Defendant respectfully refers the Court to the Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided. Defendant denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.    Defendant admits solely that Policy No. BKS (20) 57 90 82 08 contains form CP 00 30 10 12 and some of the language selectively quoted in Paragraph 37 of the Complaint, but the language is misquoted and inaccurate.  Defendant denies any inference that any provision of the Policy can be fairly read in isolation. Defendant respectfully refers the Court to the Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided. Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.    Defendant admits solely that Policy No. BKS (20) 57 90 82 08 contains form CP 00 30 10 12 and some of the language selectively quoted in Paragraph 38 of the Complaint, but the language is misquoted and inaccurate.  Defendant denies any inference that any provision of the Policy can be fairly read in isolation. Defendant respectfully refers the Court to the Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided. Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Defendant admits solely that Policy No. BKS (20) 57 90 82 08 contains form CP 00 30 10 12 and the language selectively quoted in Paragraph 39 of the Complaint, but denies any inference that any provision of the Policy can be fairly read in isolation.  Defendant respectfully refers the Court to the Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided.  Defendant denies the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.  Defendant respectfully refers the Court to the Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided, which provide, in part, that "Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy."

41.     The allegations in Paragraph 41 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies that the "interruption of Plaintiff's and other class members' businesses was not caused by any of the exclusions set forth in the applicable Policies."  Defendant respectfully refers the Court to the Policy at issue for the terms, conditions, limitations and exclusions under which the insurance coverage was provided.  The remaining allegations in Paragraph 42 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant admits that Policy No. BKS (20) 57 90 82 08 contains an "Exclusion of Loss Due to Virus or Bacteria" endorsement, CP 01 40 07 06, which

includes the language selectively quoted in Paragraph 43 of the Complaint (with the exception of a single typographical error ("off"), but denies any inference that any provision of the Policy can be fairly read in isolation. Defendant respectfully refers the Court to the Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided. Defendant denies the remaining allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies that the "exclusion in the Virus and Bacteria endorsement does not apply." Defendant respectfully refers the Court to the Policy at issue for the terms, conditions, limitations and exclusions under which the insurance coverage was provided. The remaining allegations in Paragraph 44 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint because Ohio Security denied Plaintiff's claim for business interruption losses arising out of COVID-19.

**D.    The COVID-19 Pandemic has Affected Policyholders Nationwide**

46. Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 46 of the Complaint and, on that basis, denies the allegations.

47. Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 47 of the Complaint and, on that basis, denies the allegations.

48. Defendant admits that insurance industry trade groups have issued statements regarding COVID-19, which speak for themselves. Defendant is without knowledge or information sufficient to respond to the remaining allegations

contained in Paragraph 48 of the Complaint and, on that basis, denies the remaining allegations.

49.     Defendant admits that departments of insurance have issued statements regarding COVID-19, which speak for themselves.  Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 49 of the Complaint and, on that basis, denies the remaining allegations.

50.     Defendant admits that the website referred to in the footnote at Paragraph 50 of the Complaint contains the language quoted, and that the content of the website speaks for itself.  Defendant further admits that the Arkansas Insurance Department has issued statements regarding COVID-19, which speak for themselves.  Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Defendant admits that the South Carolina Department of Insurance has issued statements regarding COVID-19, which speak for themselves.  Defendant further admits that the referenced website speaks for itself.  Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 51 of the Complaint and, on that basis, denies the remaining allegations.

52.     Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 52 of the Complaint and, on that basis, denies the allegations.

53.     Defendant admits that the content of the website referenced in Paragraph 53 of the Complaint speaks for itself.  Defendant further admits that the State of Connecticut Insurance Department, Maryland Insurance Administration and the West Virginia Office of the Insurance Commissioner issued statements regarding COVID-19, which speak for themselves.  Defendant is without knowledge or

information sufficient to respond to the remaining allegations contained in Paragraph 53 of the Complaint and, on that basis, denies the remaining allegations.

54.     Defendant admits that John F. King, Insurance and Safety Fire Commission for the State of Georgia, and Vicki Schmidt, Kansas Insurance Department Commission, issued statements regarding COVID-19, which speak for themselves.  Defendant further admits that the content of each of the bulletins quoted in Paragraph 54 of the Complaint speaks for itself.  Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 54 of the Complaint and, on that basis, denies the remaining allegations.

55.     Defendant is without knowledge or information sufficient to respond to the allegations contained in Paragraph 55 of the Complaint and, on that basis, denies the allegations.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

## CLASS ACTION ALLEGATIONS

57.     Defendant admits solely that Plaintiff purports to bring this case as a class action on behalf of itself and a putative class as defined in Paragraph 57 of the Complaint pursuant to Federal Rule of Civil Procedure Rule 23, but denies that certification of any class is appropriate under applicable law.  Defendant denies the remaining allegations in Paragraph 57 of the Complaint.

58.     Defendant admits solely that Plaintiff purports to bring this case as a class action on behalf of itself and a putative class as defined in Paragraph 58 of the Complaint pursuant to Federal Rule of Civil Procedure Rule 23, but denies that certification of any class is appropriate under applicable law.  Defendant denies the remaining allegations in Paragraph 58 of the Complaint.

59.     The allegations in Paragraph 59 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

60.     The allegations in Paragraph 60 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

**<u>Numerosity</u>**

61.     Defendant denies that Liberty Mutual Insurance sells insurance policies in the state of New Jersey or in other states.  The remaining allegations in Paragraph 61 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the remaining allegations.

62.     Defendant denies that Liberty Mutual Insurance sells insurance policies in the state of New Jersey or in other states.  The remaining allegations in Paragraph 62 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

**<u>Typicality</u>**

63.     Defendant denies that Liberty Mutual Insurance sells insurance policies in the state of New Jersey or in other states.  The remaining allegations in Paragraph 63 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

**Adequacy of Representation**

64.     The allegations in Paragraph 64 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

**Commonality**

65.     Defendant denies that Liberty Mutual Insurance sells insurance policies in the state of New Jersey or in other states.  The remaining allegations in Paragraph 65 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

**Superiority/Predominance**

66.     The allegations in Paragraph 66 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

67.     The allegations in Paragraph 67 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

68.     The allegations in Paragraph 68 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

69.     The allegations in Paragraph 69 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

## COUNT I
## DECLARATORY JUDGEMENT- BUSINESS INCOME COVERAGE
### (Claim brought on behalf of the National class and New Jersey Subclass)

70.     Defendant repeats and incorporates by reference their responses to the allegations contained in Paragraphs 1 through 69 of the Complaint as if each were set forth individually and incorporated fully herein.

71.     Defendant admits that Plaintiff purports to bring this claim individually and on behalf of other members of the putative National Class and New Jersey Subclass.  Defendant denies that any such putative class is appropriate.

72.     Defendant admits that it issued to Plaintiff Policy No. BKS (20) 57 90 82 08 for the Policy period of April 8, 2019 to April 8, 2020.  Defendant admits that it has received a minimum payment for the premiums on this policy but denies that Plaintiff has paid the entire balance.  Defendant denies that Liberty Mutual issued an insurance contract to Plaintiff. Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 72 of the Complaint and, on that basis, denies the remaining allegations.

73.     The allegations in Paragraph 73 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     The allegations in Paragraph 75 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

76.     The allegations in Paragraph 76 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

## COUNT II
## BREACH OF CONTRACT- BUSINESS INCOME COVERAGE
### (Claim Brought on Behalf of the National Class and New Jersey Subclass)

77.     Defendant repeats and incorporates by reference their responses to the allegations contained in Paragraphs 1 through 76 of the Complaint as if each were set forth individually and incorporated fully herein.

78.     Defendant admits that Plaintiff purports to bring this claim individually and on behalf of other members of the putative National Class and New Jersey Subclass.  Defendant denies that any such putative class is appropriate.

79.     Defendant admits that it issued to Plaintiff Policy No. BKS (20) 57 90 82 08 for the Policy period of April 8, 2019 to April 8, 2020.  Defendant admits that it has received a minimum payment for the premiums on this policy but denies that Plaintiff has paid the entire balance.  Defendant denies that Liberty Mutual issued an insurance contract to Plaintiff.   Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 79 of the Complaint and, on that basis, denies the remaining allegations.

80.     The allegations in Paragraph 80 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

81.     The allegations in Paragraph 81 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

82.     Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     The allegations in Paragraph 84 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

85.     The allegations in Paragraph 85 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

86.     The allegations in Paragraph 86 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

## COUNT III
## DECLARATORY JUDGMENT- CIVIL AUTHORITY COVERAGE
### (Claim Brought on Behalf of the National Class and New Jersey Subclass)

87.     Defendant repeats and incorporates by reference their responses to the allegations contained in Paragraphs 1 through 86 of the Complaint as if each were set forth individually and incorporated fully herein.

88.     Defendant admits that Plaintiff purports to bring this claim individually and on behalf of other members of the putative National Class and New Jersey Subclass.  Defendant denies that any such putative class is appropriate.

89.     Defendant admits that it issued to Plaintiff Policy No. BKS (20) 57 90 82 08 for the Policy period of April 8, 2019 to April 8, 2020.  Defendant admits that it has received a minimum payment for the premiums on this policy but denies that Plaintiff has paid the entire balance.  Defendant denies that Liberty Mutual issued an insurance contract to Plaintiff.   Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 89 of the Complaint and, on that basis, denies the remaining allegations.

90.     The allegations in Paragraph 90 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

91.     The allegations in Paragraph 91 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

92.     Defendant admits solely that an actual case or controversy exists.  The remaining allegations in Paragraph 92 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the remaining allegations.

93.     The allegations in Paragraph 93 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

## COUNT IV
## BREACH OF CONTRACT- CIVIL AUTHORITY COVERAGE
### (Claim Brought on Behalf of the National Class and New Jersey Subclass)

94.     Defendant repeats and incorporates by reference their responses to the allegations contained in Paragraphs 1 through 93 of the Complaint as if each were set forth individually and incorporated fully herein.

95.     Defendant admits that Plaintiff purports to bring this claim individually and on behalf of other members of the putative National Class and New Jersey Subclass.  Defendant denies that any such putative class is appropriate.

96.     Defendant admits that it issued to Plaintiff Policy No. BKS (20) 57 90 82 08 for the Policy period of April 8, 2019 to April 8, 2020.  Defendant admits that it has received a minimum payment for the premiums on this policy but denies that Plaintiff has paid the entire balance.  Defendant denies that Liberty Mutual issued

an insurance contract to Plaintiff.   Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 96 of the Complaint and, on that basis, denies the remaining allegations.

97.    Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.    The allegations in Paragraph 98 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

99.    The allegations in Paragraph 99 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

100.    The allegations in Paragraph 100 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

101.    The allegations in Paragraph 101 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

## COUNT V
## DECLARATORY JUDGMENT- EXTRA EXPENSE COVERAGE
### (Claim Brought on Behalf of the National Class and New Jersey Subclass)

102.    Defendant repeats and incorporates by reference their responses to the allegations contained in Paragraphs 1 through 101 of the Complaint as if each were set forth individually and incorporated fully herein.

103.    Defendant admits that Plaintiff purports to bring this claim individually and on behalf of other members of the putative National Class and New Jersey Subclass.  Defendant denies that any such putative class is appropriate.

19

104.   Defendant admits that it issued to Plaintiff Policy No. BKS (20) 57 90 82 08 for the Policy period of April 8, 2019 to April 8, 2020.  Defendant admits that it has received a minimum payment for the premiums on this policy but denies that Plaintiff has paid the entire balance.  Defendant denies that Liberty Mutual issued an insurance contract to Plaintiff.   Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 104 of the Complaint and, on that basis, denies the remaining allegations.

105.   The allegations in Paragraph 105 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

106.   The allegations in Paragraph 106 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

107.   The allegations in Paragraph 107 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

108.   The allegations in Paragraph 108 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

## COUNT VI
## BREACH OF CONTRACT- EXTRA EXPENSE COVERAGE
### (Claim Brought on Behalf of National Class and New Jersey Subclass)

109.   Defendant repeats and incorporates by reference their responses to the allegations contained in Paragraphs 1 through 108 of the Complaint as if each were set forth individually and incorporated fully herein.

110.   Defendant admits that Plaintiff purports to bring this claim individually and on behalf of other members of the putative National Class and New Jersey Subclass.  Defendant denies that any such putative class is appropriate.

111.   Defendant admits that it issued to Plaintiff Policy No. BKS (20) 57 90 82 08 for the Policy period of April 8, 2019 to April 8, 2020.  Defendant admits that it has received a minimum payment for the premiums on this policy but denies that Plaintiff has paid the entire balance.  Defendant denies that Liberty Mutual issued an insurance contract to Plaintiff.   Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 111 of the Complaint and, on that basis, denies the remaining allegations.

112.   The allegations in Paragraph 112 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

113.   The allegations in Paragraph 113 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

114.   The allegations in Paragraph 114 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

115.   The allegations in Paragraph 115 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

116.   The allegations in Paragraph 116 of the Complaint are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendant denies the allegations.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint, and to the purported causes of action therein, Defendant alleges the following affirmative defenses on information and belief, and without assuming any burden of proof or persuasion, to preclude waiver of them upon discovery of facts supporting them.

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint is barred, in whole or in part, to the extent that it fails to state a cause of action against Ohio Security Insurance Company upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's claims, and the claims of some or all of the putative class members, arising from COVID-19 are not covered under the Policy.  Plaintiff has put forth no competent evidence supporting that it sustained direct physical loss of or damage to Covered Property caused by or resulting from any Covered Cause of Loss.  It is the Plaintiff's burden to prove that its claim falls within the insuring agreement of the Policy and that it suffered direct physical loss or damage caused by or resulting from a Covered Cause of Loss in order for coverage to apply.  The Policy's Building and Personal Property Coverage Form states:

## BUILDING AND PERSONAL
## PROPERTY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **H.** Definitions.

## A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

### 1. Covered Property

Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

**a. Building,** meaning the building or structure described in the Declarations, including:

**(1)** Completed additions;

**(2)** Fixtures, including outdoor fixtures;

**(3)** Permanently installed:

(a) Machinery and

(b) Equipment;

**(4)** Personal property owned by you that is used to maintain or service the building or structure or its premises, including:

(a) Fire extinguishing equipment;

(b) Outdoor furniture;

(c) Floor coverings; and

(d) Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

**(5)** If not covered by other insurance:

**(a)** Additions under construction, alterations and repairs to the building or structure;

**(b)** Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the building or structure.

**b. Your Business Personal Property** consists of the following property located in or on the building or structure described in the Declarations or in the open (or in a vehicle) within 100 feet of the building or structure or within 100 feet of the premises described in the Declarations, whichever distance is greater:

**(1)** Furniture and fixtures;

**(2)** Machinery and equipment;

**(3)** "Stock";

**(4)** All other personal property owned by you and used in your business;

**(5)** Labor, materials or services furnished or arranged by you on personal property of others;

**(6)** Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:

(a) Made a part of the building or structure you occupy but do not own; and

(b) You acquired or made at your expense but cannot legally remove;

24

**(7)** Leased personal property for which you have a contractual responsibility to insure, unless otherwise provided for under Personal Property of Others.

Plaintiff sustained no direct physical loss of or damage to its Covered Property.  Plaintiff reported no direct physical loss of or damage to property listed in the Policy's Declarations caused by or resulting from any Covered Cause of Loss. Plaintiff carries the initial burden to show through competent evidence that its property sustained direct physical loss of or damage to property.  But Plaintiff cannot show that its property sustained such direct physical loss  or damage.  There is no coverage under the Policy for Plaintiff's claims arising from COVID-19.

**THIRD AFFIRMATIVE DEFENSE**

3.      The Policy bars coverage for Plaintiff's claims, and the claims of the putative class members, arising from COVID-19 under the virus exclusion.  The Policy's Exclusion of Loss Due To Virus Or Bacteria endorsement applies to all coverage under all forms and endorsements in the Policy.  The virus exclusion that applies to Plaintiff's claims states:

**EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA**

This endorsement modifies insurance provided under the following:

COMMERCIAL PROPERTY COVERAGE PART

STANDARD PROPERTY POLICY

A.      The exclusion set forth in Paragraph **B.** applies to all coverage under all forms and endorsements that comprise this Coverage Part or Policy, including but not limited to forms or endorsements that cover property damage to buildings or personal property and forms or endorsements that cover business income, extra expense or action of civil authority.

25

B.    We will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.

However, this exclusion does not apply to loss or damage caused by or resulting from "fungus", wet rot or dry rot.  Such loss or damage is addressed in a separate exclusion in this Coverage Part or Policy.

C.    With respect to any loss or damage subject to the exclusion in Paragraph B., such exclusion supersedes any exclusion relating to "pollutants".

D.    The following provisions in this Coverage Part or Policy are hereby amended to remove reference to bacteria:

    1.    Exclusion of "Fungus", Wet Rot, Dry Rot And Bacteria; and

    2.    Additional Coverage - Limited Coverage for "Fungus", Wet Rot, Dry Rot And Bacteria, including any endorsement increasing the scope or amount of coverage.

E.    The terms of the exclusion in Paragraph **B.**, or the inapplicability of this exclusion to a particular loss, do not serve to create coverage for any loss that would otherwise be excluded under this Coverage Part or Policy.

COVID-19 is a virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease. Plaintiff's claims for alleged loss or damage caused by or resulting from COVID-19 are excluded by the Policy's virus exclusion.

## FOURTH AFFIRMATIVE DEFENSE

4.    There is no business income loss coverage for the Plaintiff's claims, and the claims of some or all of the putative class members, arising from COVID-19.  The Policy's Business Income (And Extra Expense) Coverage Form requires

the insurer to pay for the actual loss of business income that Plaintiff sustains due to the necessary "suspension" of its "operations" during the "period of restoration." "Suspension" means: the slowdown or cessation of your business activities; or that a part or all of the described premises is rendered untenantable, if coverage for Business Income Including "Rental Value" or "Rental Value" applies.

But the "suspension" must be caused by direct physical loss of or damage to property described in the Declarations.  This means the "suspension" of Plaintiff's "operations" must be caused by direct physical loss of or damage to Plaintiff's Covered Property.  The loss or damage to Plaintiff's Covered Property must be caused by or result from a Covered Cause of Loss.  The Policy's Business Income (And Extra Expense) Coverage Form states:

## BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM

***

**A. Coverage**

**1. Business Income**

Business Income means the:

(a) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and

(b) Continuing normal operating expenses incurred, including payroll.

***

We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration".  The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the

Declarations and for which a Business Income Limit of Insurance is shown in the Declarations.  The loss or damage must be caused by or result from a Covered Cause of Loss.

***

**3. Covered Causes of Loss, Exclusions And Limitations**

See applicable Causes Of Loss form as shown in the Declarations.

***

The Policy covers risks of direct physical loss unless the loss is excluded or limited by the Policy.  The Policy's Causes Of Loss—Special Form, which applies to the Business Income (And Extra Expense) Coverage Form, states:

**CAUSES OF LOSS—SPECIAL FORM**

***

**A. Covered Causes Of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

***

Plaintiff's claims, and the claims of some or all of the putative class members, arising from COVID-19 are not covered by business income loss coverage under the Policy because Plaintiff has not sustained any direct physical loss of or damage to Covered Property.  There is no evidence that COVID-19 caused direct physical loss of or damage to Plaintiff's Covered Property.  Even if COVID-19 was found on the Covered Property (which Plaintiff does not allege), and caused direct physical loss of or damage to Plaintiff's Covered Property (which it did not), the Policy's virus exclusion applies to bar coverage for any claim caused by or resulting from COVID-19.

28

Plaintiff carries the initial burden of proof to show that business operations were suspended because of sustained direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss.  But Plaintiff cannot carry its burden of proof to show that a covered cause of loss caused direct physical loss of or damage to Plaintiff's Covered Property.  Coverage for business income loss arising out of COVID-19 is, therefore, not available under the Policy.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims, and the claims of some or all of the putative class members, arising from COVID-19, are not covered under the Policy.  The Policy's extra expense coverage requires a direct physical loss or damage to property caused by or resulting from a covered cause of loss.  Extra expenses are necessary expenses incurred by Plaintiff during the "period of restoration" that Plaintiff would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss.  The Policy's extra expense provision in the Business Income (And Extra Expense) Coverage Form states:

**BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM**

\*\*\*

**A. Coverage**

\*\*\*

**2. Extra Expense**

a. Extra Expense Coverage is provided at the premises described in the Declarations only if the Declarations show that Business Income Coverage applies at the premises.

b. Extra Expense means necessary expenses you incur during the "period of restoration" that you would not have incurred if there had been no direct

physical loss or damage to property caused by or resulting from a
Covered Cause of Loss.

We will pay Extra Expense (other than the expense to repair or replace
property) to:

> (1) Avoid or minimize the "suspension" of business and to continue
> operations at the described premises or at replacement premises or
> temporary locations, including relocation expenses and costs to
> equip and operate the replacement location or temporary location.
>
> (2) Minimize the "suspension" of business if you cannot continue
> "operations".

We will also pay Extra Expense to repair or replace property, but only
to the extent it reduces the amount of loss that otherwise would have
been payable under this Coverage Form.

***

3. **Covered Causes of Loss, Exclusions And Limitations**

See applicable Causes Of Loss Form as shown in the Declarations.

The Policy covers risks of direct physical loss unless the loss is excluded or
limited.  The Policy's Causes Of Loss—Special Form, which applies to the Business
Income (And Extra Expense) Coverage Form, states:

**CAUSES OF LOSS—SPECIAL FORM**

***

**A.     Covered Causes Of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means
direct physical loss unless the loss is excluded or limited in this policy.

***

Plaintiff's claims, and the claims of some or all of the putative class members, arising from COVID-19 do not trigger extra expense coverage under the Policy because Plaintiff has not sustained any direct physical loss of or damage to Covered Property.  There is no evidence that COVID-19 caused direct physical loss or damage to Plaintiff's Covered Property.  And there is no evidence that Plaintiff incurred any necessary extra expenses during the "period of restoration" caused by a Covered Cause of Loss.

Moreover, the Policy's virus exclusion applies to the Business Income (And Extra Expense) Coverage Form.  Even if COVID-19 was found on the Covered Property (which Plaintiff does not allege), and caused direct physical loss of or damage to Plaintiff's Covered Property (which it did not), the Policy's virus exclusion applies to bar coverage for Plaintiff's alleged extra expense claim caused by or resulting from COVID-19.

Plaintiff carries the initial burden of proof to show that business operations were suspended because it sustained direct physical loss of or damage to Covered Property.  But Plaintiff cannot carry its burden of proof to show that a Covered Cause of Loss caused direct physical loss of or damage to Plaintiff's Covered Property. Coverage for extra expense arising out of COVID-19 is, therefore, not available under the Policy.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's claims, and the claims of some or all of the putative class members, arising from COVID-19 are not covered by the Policy.  Civil authority coverage is an additional coverage in the Policy's Business Income (And Extra Expense) Coverage Form.  Civil authority coverage does not apply unless a Covered

Cause of Loss causes damage to property other than property at the described premises.

Furthermore, there are specific requirements that must be met in order for civil authority coverage under the Policy to apply. The Policy's additional coverage for civil authority provision states:

**BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM**

\*\*\*

**A.    Coverage**

\*\*\*

**5.    Additional Coverages**

**a.    Civil Authority**

In this Additional Coverage, Civil Authority, the described premises are premises to which this Coverage Form applies, as shown in the Declarations.

When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:

(1)    Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and

(2)    The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the

Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

Civil Authority Coverage for Business Income will begin 72 hours after the time of the first action of civil authority that prohibits access to the described premises and will apply for a period of up to four consecutive weeks from the date on which such coverage began.

Civil Authority Coverage for Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described premises and will end:

(1)     Four consecutive weeks after the date of that action; or

(2)     When your Civil Authority Coverage for Business Income ends;

whichever is later.

                                        ***

Plaintiff's claims, and the claims of some or all of the putative class members, arising from COVID-19 are not covered under the civil authority provision of the Policy because, a Covered Cause of Loss did not cause damage to property other than the property at the described premises.  And civil authority did not restrict Plaintiff's access to the described premises.  Plaintiff has had access to the described premises at all times.

Moreover, the Policy's virus exclusion applies to the additional coverage for civil authority.  The Policy's virus exclusion applies to bar coverage for Plaintiff's alleged civil authority claim caused by or resulting from COVID-19.

Plaintiff cannot show that a Covered Cause of Loss caused damage to property other than Plaintiff's property at the described premises and civil authority restricted Plaintiff's access to the described premises.  Additional coverage for civil authority arising out of COVID-19 is, therefore, not available under the Policy.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

7.    Plaintiff's claims, and the claims of some or all of the putative class members, arising from COVID-19 include alleged damages caused by loss of use. The Policy bars coverage for damages caused by loss of use.  The Policy's delay, loss of use or loss of market exclusion bars coverage for Plaintiff's claims.  The exclusion that applies to Plaintiff's claims is contained in the Causes Of Loss— Special Form.  It states:

**CAUSES OF LOSS—SPECIAL FORM**

\*\*\*

**B.    Exclusions**

\*\*\*

**2.**    We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

b.    Delay, loss of use or loss of market.

\*\*\*

The Policy bars coverage for loss or damage caused by or resulting from delay, loss of use or loss of market.  Plaintiff's claims for alleged damages caused

by a loss of use of the described premises is excluded under the Policy's loss of use exclusion.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiff's claims, and the claims of some or all of the putative class members, arising from COVID-19 includes alleged damages caused by government-issued closure orders.  The Policy bars coverage for damages caused by acts or decisions by any person or governmental body.  The exclusion that applies to Plaintiff's claims is contained in the Causes Of Loss—Special Form. It states:

### CAUSES OF LOSS—SPECIAL FORM

\*\*\*

**B.    Exclusions**

\*\*\*

**3.**    We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

\*\*\*

**b.**    Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

\*\*\*

The Policy bars coverage for loss or damage caused by or resulting from acts or decisions, including the failure to act or decide, of any person or governmental body.  Plaintiff's claim for alleged damages caused by or resulting from the government-issued closure orders are excluded under the Policy's acts or decisions exclusion.

35

## NINTH AFFIRMATIVE DEFENSE

9.      Coverage under the Policy is barred to the extent that Plaintiff seeks to recover amounts from Defendant for loss, damage, lost income and/or expense that do not arise from physical loss of or damage to Covered Property within the meaning of the Policy.

## TENTH AFFIRMATIVE DEFENSE

10.     If it is determined that any coverage is afforded by the Policy for Plaintiff's claimed losses, which Defendant disputes, any such coverage would be subject to any and all deductibles, retained limits, retentions, self-insured retentions, Limits of Insurance, co-insurance and "other insurance" provisions as stated in the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims, and the claims of some or all of the putative class members, are barred, in whole or in part, because the Policy purchased by Plaintiff performed as promised, and Plaintiff has sustained no injury in fact or damages caused by any act of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

12.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to, in whole or in part, by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff itself, and not Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff is barred from relief for the claims because it has failed to take reasonable and necessary steps to mitigate the alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims on behalf of others are not proper for class certification because Plaintiff cannot satisfy the requirements set forth in Federal Rule of Civil Procedure 23.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Coverage under the Policy is barred to the extent that the losses and damages alleged in the Complaint are not covered under the terms, conditions, exclusions, and/or limitations of the Policy.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Additional facts that are currently unknown to Defendant may be revealed through the course of discovery and further investigation that will support additional defenses.  Defendant reserves the right to assert such affirmative defenses in the future.

## PRAYER

WHEREFORE, Defendant prays that judgment be entered in its favor and against Plaintiff as follows:

1.     That Plaintiff take nothing by reason of the Complaint or any claims stated therein;

2.     That the Complaint and each cause of action contained therein be dismissed against Defendant with prejudice;

3.     That Defendant recovers their costs and reasonable attorneys' fees in this action; and

4.     Such other and further relief as the Court deems just and proper.

Dated: 10/16/2020

STEVEN L. PENARO
**ALSTON & BIRD LLP**

*/s/ Steven L. Penaro*
_____

Steven L. Penaro
90 Park Avenue
12th Floor
New York, NY 10016
Tel: (212) 210-9400
Fax: (212) 210-9444
Attorneys for Defendant
**OHIO SECURITY INSURANCE COMPANY**

CARI K. DAWSON *(pro hac vice forthcoming)*
TIFFANY L. POWERS *(pro hac vice forthcoming)*
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
Attorneys for Defendant
**OHIO SECURITY INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true and correct copy of the foregoing on Plaintiff via the Court's CM/ECF filing system.

This 16th day of October, 2020.

<u>/s/  *Steven L. Penaro*</u>